UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEWIS PETTY                                                           CIVIL ACTION

VERSUS                                                               NO.  10-0975

ST. CHARLES PARISH JAIL, ET AL.                                      SECTION "I"(4)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**.   Upon review of the record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

I.      **Factual Summary**

The Plaintiff, Lewis Petty, is presently incarcerated at the Nelson Coleman Correctional Center in Killona, Louisiana.  He filed this *pro se* and *in forma pauperis* complaint against the St. Charles Parish Jail, John Nowak, the Warden of the Nelson Coleman Correctional Center, and Greg Champagne, the Sheriff of the Nelson Coleman Correctional Center challenging his conditions of confinement.  Specifically, he contends that his Due Process and civil rights have been violated because: (1) prisoners are denied administrative remedies upon request; (2) the drinking water is unsanitary; (3) the prisoners are charged for haircuts performed by unlicensed individuals; (4) the prison is overcrowded because 52 prisoners with top and bottom bunks are hazardous; (5) pre-trial,

sentenced prisoners, and department of corrections inmates are unconstitutionally housed in the same dorms; (6) the ventilation at the prison is inadequate; (7) the prisoners are denied medical treatment if they do not have adequate funds to pay for treatment; and (8) the living quarters are unsanitary because the prisoners must eat near the restrooms.

He seeks an award for $45,250.00 for pain and suffering and cruel and unusual punishment. He also seeks an immediate transfer. Petty does not make any allegations that he has sustained any damages as a result of his conditions of confinement. Construing his Complaint broadly, he alleges that there is a risk of injury to him due to the presence of the conditions.

## II.    Standard of Review

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle,* 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce,* 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir. 1999) (*citing Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)) (*quoting McCormick v. Stadler,* 105 F.3d 1059, 1061 (5th Cir. 1997)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992); *Neitzke,* 490 U.S. at 327-28. Therefore,

2

the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins,* 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy,* 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus,* 976 F.2d 268, 269 (5th Cir. 1992).

## III.     Improper Defendant - St. Charles Parish Jail

Petty has named the St. Charles Parish Jail as a defendant in the instant matter.   However, the jail is not a "person" to be held liable within the meaning of § 1983.

Section 1983 imposes liability on any "person"  who violates someone's constitutional rights "under color of law."  Title 42 U.S.C. § 1983; *see Will v. Michigan Dep't of State Police,* 491 U.S. 58 (1989).  Under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute.  *Cullen v. DuPage Cnty.*, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester Cnty. Corr. Facility Admin.*, 1997 WL 659100 at *7 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *Hancock v. Washtenaw Cnty. Prosecutor's Office*, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982).  Thus, OPP is clearly not a proper defendant in this case.

In addition, a Parish prison is not a proper defendant because it lacks capacity to be sued as required under Fed. R. Civ. P. 17(b) and Louisiana law.  Although Louisiana courts have not ruled on the issue of whether a Parish jail is a juridical person that can sue or be sued, the Louisiana Supreme Court in *Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So.2d 341 (La. 1994), set forth a framework within which to determine an entity's juridical status.  The Court in *Roberts* stated:

> [T]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label.  Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue.  In the absence of positive law to the contrary, a local government unit may be

3

deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.  1 Sands & Libonati, § 2.18 and authorities cited therein, §§ 2.19, 2.20.  Such a determination will depend on an analysis of specifically what the entity is legally empowered to do.  *Id.* at 2.02.

*Roberts*, 634 So.2d at 346-47.  In concluding that the Sewerage and Water Board was capable of being sued, the *Roberts* court focused its analysis on the independent management, financing, and operations of the Board.  *See Id.* at 352.

By contrast, in *City Council of Lafayette v. Bowen*, 649 So.2d 611, 616 (La. App. 3d Cir. 1994), *writ denied*, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the *Roberts* analysis, the City Council of Lafayette had no capacity to sue or be sued.  In so holding, the court expressly found "no authority, constitutional, statutory, or via home rule charter that authorizes the Lafayette City Council to institute of its own motion, a lawsuit."  *Bowen*, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its Parish jails.  The Parish is charged with its jails' physical maintenance.  La. Rev. Stat. Ann. § 15:702.  However, the duty to administer and operate the parish jails falls on the Sheriff of each Parish.  La. Rev. Stat. Ann. § 15:704.  The office of sheriff is a constitutionally created office in Louisiana, existing separately from the Parish government.  La. Const. Art. V § 27; *see Langley v. City of Monroe*, 582 So.2d 367, 368 (La. App. 2d Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the *Roberts* framework, the St. Charles Parish Jail, as a Parish jail, is not "legally empowered to do" anything independently of either the respective Parish officials or the Parish Sheriff. *See Roberts v. Sewerage and Water Bd. of New Orleans*, 634 So.2d 341, 347 (La. 1994).  The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish jail is "not an entity, but a building." *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing, with prejudice, the St. Tammany Parish Jail as a improper defendant); *accord Dale v. Bridges*, 1997 WL 810033 at *1 n.1 (N.D. Tex. Dec. 22, 1997) (Dallas County Jail is not a jural entity capable of being sued). Accordingly, Petty's claim against the St. Charles Parish Jail should be dismissed as frivolous and otherwise for failure to state a claim for which relief can be granted.

## IV.    **Improper Defendants - Warden Nowak and Sheriff Champagne**

Petty also names Warden Nowak and Sheriff Champagne as Defendants in his Complaint. Petty does not assert any specific allegations against either Defendant. Under the broad reading afforded to a *pro se* complaint, Petty has named Warden Nowak and Sheriff Champagne as defendants in this action because of their supervisory roles over the St. Charles Parish Jail.

Supervisory officials cannot be held liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the prison allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Supervisory officials may only be liable under § 1983 if they "[were] personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998)(citing *Sims v. Adams*, 537 F.2d 829, 831 (5th cir. 1976)); *see also Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120 (5th Cir. 1980).

This personal involvement must also include deliberate indifference on behalf of the Defendants. *See Wilson v. Seiter*, 501 U.S. 294, 303 (1991). "Deliberate indifference" means that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

> To establish deliberate indifference in the context of the Eight Amendment, the prisoner must show that the defendants (1) were aware of the facts from which an inference of excessive risk to the prisoner's health or safety could be drawn and (2) that they actually drew an inference that such potential for harm existed.

*Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998)(citing *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm my be inferred by the obviousness of a substantial risk." *Id.* (citing, *Farmer*, 511 U.S. at 842 & n. 8).

Petty does not allege that either of these Defendants were present for, or personally involved in, the alleged concerns he has about the jail. Petty also has not alleged that he has suffered any injury as a result of any directive, supervised training or activity, or other policy set forth by the Defendants which would create vicarious liability. *See Thompson v. Upsher Cnty.*, 245 F.3d 447, 459 (5th Cir. 1991); *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988); *Bennet v. Pippin*, 74 F.3d 578, 586 (5th Cir. 1996). As a result, his claims against these Defendants are frivolous.

## V.     Recommendation

**IT IS THEREFORE RECOMMENDED** that Petty's § 1983 claims against the St. Charles Parish Jail, Warden John Novak, and Sheriff Greg Champagne be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure

to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)[1].

New Orleans, Louisiana, this 19th day of April, 2011.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[1]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days